1  SHAWN N. ANDERSON
   Acting United States Attorney
2  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
3  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
4  Hagåtña, Guam 96910
   PHONE: (671) 472-7332
5  FAX: (671) 472-7215

6  Attorneys for the United States of America

7  IN THE UNITED STATES DISTRICT COURT

8  FOR THE TERRITORY OF GUAM

9  UNITED STATES OF AMERICA,                    CRIMINAL CASE NO. 17-00024

10                  Plaintiff,

11         vs.                                   **PLEA AGREEMENT**

12  VIOLETA E. MANAHAN,

13                  Defendant.

14

15         The United States and Defendant, VIOLETA E. MANAHAN enter into the following

16  plea agreement:

17                         **Charge and Penalties**

18         1.      Defendant agrees to enter a guilty plea to an information charging her with

19  Conspiracy to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846 and

20  841(a)(1) and (b)(1)(C).

21         2.      Defendant understands and acknowledges the following:

22         (a) Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and

23  841(a)(1) and (b)(1)(C), carries a maximum penalty of not more than twenty years

24  imprisonment, a $1,000,000.00 fine, or both, at least a three-year period of supervised release,

PLEA AGREEMENT - 1

and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release order could lead to an additional term of up to two years' imprisonment, pursuant to 18 U.S.C. § 3583(e)(3). Defendant agrees to pay the special assessment at or before sentencing.

(b) The Defendant understands that by entering this plea of guilty the Defendant may no longer be eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, as a result of this conviction, the Defendant understands that she is no longer eligible for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

## Voluntariness & Waiver of Trial Rights

3. Defendant affirms that she has read this plea agreement and fully understands it. Defendant acknowledges that she enters this plea agreement and her decision to plead guilty voluntarily, and not because of any force, threats, promises or inducements, apart from the promises and inducements set forth in this plea agreement. She agrees to plead guilty because she is in fact guilty of the charged offense.

4. Defendant acknowledges that she understands that by entering a plea of guilty, she is waiving – that is, giving up – the following rights guaranteed to her by law and by the Constitution of the United States:

(a) the right to plead not guilty and to persist in a plea of not guilty;

(b) the right to a jury trial;

(c) the right to be represented by an attorney and, if necessary, to have the Court appoint counsel at trial and all stages of the proceedings;

PLEA AGREEMENT - 2

1  (d) the right at trial to confront and cross-examine witnesses against her;

2  (e) the right to remain silent at trial, with such silence not being used against her

3  in any way;

4  (f) the right, should she choose, to testify on her own behalf and to present

5  evidence;

6  (g) the right to compel witnesses to appear at such a trial and to have them testify

7  on her behalf;

8  (h) the right not to be prosecuted except by an indictment returned by a grand

9  jury.

10  Defendant understands that any statement she gives under oath in connection with this guilty

11  plea may be used against her by the United States in a prosecution for perjury or false statement.

12  ## Elements of the Offense & Factual Basis

13  5.  Defendant understands and agrees that to establish the offense of Conspiracy to

14  Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C), the

15  United States must prove each of the following elements beyond a reasonable doubt:

16  **First**: beginning on or about January 1, 2013 and ending on or about March 1,
    2017, there was an agreement between two or more persons to distribute
17  methamphetamine; and

18  **Second**: the defendant joined in the agreement knowing of its purpose and
    intending to help accomplish that purpose.
19

20  6.  The United States and Defendant stipulate and agree to the following facts:

21  (a) Defendant was born in 1960 and is a citizen of the United States.

22  (b) On or about February 18, 2015, a package addressed to Isabelle Arbues, 121A

23  Biradan Boy, Dededo Guam, 96929 was intercepted by U.S. Postal Inspectors and D.E.A.

24  Special Agents. The package contained 13.88 grams of methamphetamine with a purity level of

PLEA AGREEMENT - 3

1    42%. The package was sent by Jimmy Law to Fidela Cabrera. VIOLETA E. MANAHAN

2    introduced Fidela Cabrera to supplier Jimmy Law in July 2013.

3    (c) On or about November 2, 2014, a package addressed to Mrs. Chong Dell Suk,

4    P.O Box 315982, Tamuning, Guam, 96931 was intercepted by U.S. Postal Inspectors and D.E.A.

5    Special Agents. The package contained 110.55 net grams of methamphetamine with a purity

6    level of 95%.    The package was sent by supplier Jimmy Law to Richard Manahan and Donna

7    Mendiola. VIOLETA E. MANAHAN arranged for the package to be sent by Jimmy Law to

8    Richard Manahan.

9    (d) Beginning on or about January 1, 2013, and ending on or about March 1,

10    2017, there was an agreement between VIOLETA E. MANAHAN and Jimmy Law, a supplier in

11    the state of California, and other persons, including Richard Manahan, Donna Mendiola, Francis

12    Quitugua, Brian Bautista, Benjamin Saturnio,  Rydell Manahan, and Geraldine Fajardo, to

13    distribute methamphetamine in the District of Guam. VIOLETA E. MANAHAN would order

14    and receive quantities of methamphetamine that were sent to Guam through the U.S. mail and

15    through other means. The methamphetamine varied in quantities from grams to ounces, all of

16    which co-conspirator Jimmy Law provided to VIOLETA E. MANAHAN. VIOLETA E.

17    MANAHAN placed Jimmy Law in contact with individuals on Guam to receive the

18    methamphetamine. VIOLETA E. MANAHAN provided these individuals with tracking

19    numbers for the packages containing methamphetamine. Once the packages arrived on Guam,

20    co-conspirators would leave the package on a table at the residence of VIOLETA E.

21    MANAHAN to receive. VIOLETA E. MANAHAN collected money from the sale of the

22    methamphetamine. She would then wire the proceeds through Western Union to Jimmy Law.

23    VIOLETA E. MANAHAN received portions of the methamphetamine as a commission, which

24    she used for her personal use.

PLEA AGREEMENT - 4

1    VIOLETA E. MANAHAN joined in the agreement with two or more persons to

2    distribute methamphetamine on Guam. Defendant knew of the purpose of the agreement, that is

3    to distribute methamphetamine, and intended to help accomplish that purpose.

4         (e) The parties agree that this stipulated statement of facts is sufficient to support

5    Defendant's guilty plea. It is made for that limited purpose and does not contain all facts relating

6    to the underlying criminal conduct.

7                    **Sentencing Guidelines & Procedures**

8        7.    Defendant understands and acknowledges that:

9         (a) The Sentencing Guidelines apply in this case. In determining a sentence,

10   the Court is obligated to calculate the applicable sentencing guideline range and to consider that

11   range, possible departures or variances under the Sentencing Guidelines, and other sentencing

12   factors under 18 U.S.C. § 3553(a);

13        (b) The United States will make its full discovery file available to the Probation

14   Office for its use in preparing the presentence report;

15        (c) The Court will rely on the facts established in this case – including, but not

16   limited to, the facts Defendant stipulates to in this plea agreement – in determining the applicable

17   offense level and resulting guideline range;

18        (d) Sentencing discussions between Defendant and defense counsel or between

19   defense counsel and the U.S. Attorney's Office are not part of this plea agreement, and

20   Defendant is not relying on the possibility of any particular guideline range or sentence based on

21   any such discussions;

22        (e) No promises or guarantees have been made to Defendant regarding either the

23   guideline range or the sentence that will be imposed. The Court is not required to follow the

24   Sentencing Guidelines or to accept any sentencing recommendations made by the United States

PLEA AGREEMENT - 5

1  or Defendant, and the Court may impose any sentence up to and including the maximum
2  penalties set out above.  Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal
3  Procedure, if the Court does not accept a sentencing recommendation made by the United States,
4  Defendant nevertheless has no right to withdraw her guilty plea.

## Cooperation

6  8.    Defendant agrees to make a full, complete and truthful statement regarding her
7  involvement in criminal conduct, as well as the involvement of all others known to her.
8  Defendant agrees to testify fully and truthfully at any trials or hearings.  Defendant understands
9  that this plea agreement is not conditioned on the outcome of any trial.  Defendant further
10  understands, however, that this plea agreement is contingent on complete and truthful testimony
11  by Defendant in response to questions asked by the Court, the prosecutor, or lawyers for any
12  party.

13  9.    If Defendant provides self-incriminating information as part of her cooperation
14  regarding the unlawful activities of others, the United States agrees not to use such information
15  against Defendant at her sentencing.  Such information may be revealed to the Court but shall
16  not be used against Defendant in determining Defendant's sentence range.  There shall be no
17  such restrictions on the use of information:  (a) previously known to law enforcement agencies;
18  (b) revealed to law enforcement agencies by, or discoverable through, an independent source; (c)
19  in a prosecution for perjury or giving a false statement; or (d) in the event there is a material
20  breach of this agreement by Defendant.

21  10.    Defendant understands and agrees that her sentencing date may be continued by
22  the Court until after the indictment and trial of others, so as to enable the United States and the
23  Court to assess Defendant's cooperation.

24

PLEA AGREEMENT - 6

1                                  **Agreements of the United States**

2       11.    The United States agrees to recommend that the Court, in determining

3 Defendant's sentencing guideline range, apply the maximum available reduction for acceptance

4 of responsibility.  This recommendation, however, is based on facts currently known to the

5 United States and is contingent on Defendant accepting responsibility according to the factors set

6 forth in § 3E1.1 of the Sentencing Guidelines.  The United States is free to withdraw this

7 recommendation if Defendant has previously engaged in any conduct which is unknown to the

8 United States and is inconsistent with acceptance of responsibility, or if he engages in any

9 conduct between the date of this plea agreement and the sentencing hearing which is inconsistent

10 with acceptance of responsibility.

11       12.    The United States agrees to recommend at sentencing that the Court impose a

12 sentence at the low end of the applicable guideline range.   If, however, the United States

13 determines that Defendant has provided substantial assistance in the investigation or prosecution

14 of another person, the United States agrees to move the Court at sentencing, pursuant to § 5K1.1

15 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), to impose a sentence below the otherwise

16 applicable sentencing guideline range.  The determination of whether defendant has provided

17 such substantial assistance rests entirely within the discretion of the United States Attorney's

18 Office.  Defendant acknowledges that even if the United States makes such a motion, the Court

19 is not required to reduce Defendant's sentence.

20                                    **Financial Disclosure Obligations**

21       13.    Defendant agrees to submit to the U.S. Attorney's Office, within three weeks of

22 the execution of this plea agreement, a complete, accurate and truthful financial statement and

23 accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all

24 assets in which she has any interest or over which she exercises control, directly or indirectly,

PLEA AGREEMENT - 7

1 including those held by a spouse, nominee or other third party. Defendant authorizes the U.S.

2 Attorney's Office to obtain a credit report on her to evaluate her ability to satisfy any financial

3 obligation imposed by the Court.

4     14. Defendant understands and agrees that any monetary penalties imposed by the

5 Court will be due and payable immediately and subject to immediate enforcement by the United

6 States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on

7 any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is

8 financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to

9 cooperate with the United States Attorney's Office; (b) to provide updated financial statements

10 upon request by the United States Attorney's Office and to keep the office advised about

11 Defendant's current address; and (c) for her debt to be placed on the Treasury Offset Program

12 and any tax refund/rebate offset program existing in her state of residency. Defendant

13 understands that any funds captured by an offset program will be paid towards her monetary

14 penalties, but does not relieve her of her obligation to pay the monetary penalties in full.

15 **Consequences of Breach**

16     15. Defendant agrees that if she is deemed by the Court to be in material breach of any of

17 her obligations under this agreement: (a) Defendant shall not be entitled to withdraw her plea of

18 guilty made in connection with this agreement; (b) the United States may, in its discretion and at

19 its option, declare null and void any of its obligations under this agreement; and (c) the United

20 States may recommend whatever sentence it may deem appropriate. The issue of whether

21 Defendant is in material breach of this agreement shall be determined by the Court in a

22 proceeding at which the United States shall be required to establish breach by a preponderance of

23 the evidence. Defendant understands and agrees that the Federal Rules of Evidence shall not

24 apply at any such hearing, and that the United States may rely at the hearing on any statements or

PLEA AGREEMENT - 8

1  evidence Defendant may have given during cooperation with law enforcement.

2  **Waiver of Post-Sentencing Rights**

3  16. Defendant voluntarily, knowingly and intelligently waives any right to appeal or to

4  collaterally attack any aspect of her conviction or sentence including, but not limited to, any

5  pretrial dispositions of motions and other issues. Defendant acknowledges and agrees that this

6  waiver shall result in the dismissal of any appeal or collateral attack Defendant might file

7  challenging her conviction or sentence in this case, other than an attack based on alleged

8  ineffective assistance of counsel, alleged involuntariness of the Defendant's guilty plea, or

9  alleged prosecutorial misconduct.

10  **Consequences of Withdrawal of Guilty Plea or Vacating of Conviction**

11  17. Defendant agrees that if she is allowed to withdraw her guilty plea or if any

12  conviction entered pursuant to this agreement is vacated or rendered invalid for any reason, the

13  Court shall, at the request of the United States, reinstate any charges that were dismissed as part

14  of this agreement. Defendant also agrees that within six months after the date the order vacating

15  or invalidating Defendant's conviction or allowing her to withdraw her guilty plea becomes final,

16  the United States may file additional charges against Defendant relating directly or indirectly to

17  the conduct underlying the guilty plea. Defendant waives her right to challenge any such

18  additional charges on the ground that they were not filed in a timely manner, including any claim

19  that they were filed after the limitations period expired.

20  **Completeness and Effect**

21  18. Nothing in this plea agreement shall bind any federal, state or local districts,

22  jurisdiction or law enforcement agency, other than the United States Attorney for the Districts of

23  Guam and the Northern Mariana Islands.

24  19. Defendant acknowledges that this is the only plea agreement in this case. This plea

PLEA AGREEMENT - 9

1  agreement cannot be modified other than by a writing signed by all parties, or by a modification

2  acknowledged by all parties on the record in Court.

4  DATED: 4/11/17

VIOLETA E. MANAHAN
Defendant

7  DATED: 4/11/17

LEILANI LUJAN
Federal Public Defender

SHAWN N. ANDERSON
Acting United States Attorney
Districts of Guam and NMI

12  DATED: 4/21/17            BY:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

PLEA AGREEMENT - 10